FILED
2012 Oct-31  AM 08:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | | |
|---|---|---|
| **RONALD CLICK,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | |
| | ] | **CV-11-BE-0996-S** |
| **HOLLAND DELIVERY SOLUTIONS,** | ] | |
| **LLC, et. al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |

## <u>MEMORANDUM OPINION</u>

This matter, alleging race discrimination and FLSA violations, is before the court on "Plaintiff's Motion for Partial Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure." (Doc. 54).  That motion requests that the court grant summary judgment against all Defendants as to the FLSA claims in Count One for unpaid minimum wages and Count Two for unpaid overtime premium wages, but does not address Count Three's Section 1981 race discrimination claim.  None of the Defendants filed a timely response within the period provided in the court's briefing schedule (doc. 60), and indeed, none of the Defendants has filed any response at all.  Although the court has not received a "Suggestion of Bankruptcy," it has received notice via the "Joint Status Report" filed on June 21, 2012 (doc. 63) and attachments to the Plaintiff's reply brief (doc. 64-1) that Defendants Phillip and Heather Brewer have filed for bankruptcy under Chapter 13.  Accordingly, the court has stayed the proceedings in this case *only* as to those two Defendants.

1

For the reasons stated in this Memorandum Opinion, the court finds that the motion is due to be GRANTED as to Defendants Holland Delivery Solutions LLC and Melony Holland, but DENIED as to Defendant Morgan Eddy.  Because of the stay as to Phillip and Heather Brewer, the court does not address the motion for summary judgment as to them.

## I.  PROCEDURAL BACKGROUND

On March 17, 2011, Ronald Click filed this suit asserting three claims: (1) Count One - asserting an FLSA claim of minimum wage violations against Defendants Holland Delivery Solutions LLC, Phillip Brewer, Heather Brewer, Melony Holland, and Morgan Eddy; (2) Count Two - asserting an FLSA claim of overtime wage violations against the same Defendants; and (3) Count Three (also identified, presumably through a clerical error, as Count Two) - asserting a Section 1981 claim of racially hostile work environment against Defendant Dale Stephens only, a claim that the instant motion does not address.   The Defendants filed an Answer that set out eighteen affirmative defenses, including the defenses that Click was not an employee of any of the Defendants and that Defendants acted on a good faith belief that they were paying wages in accordance with the FLSA (doc. 8).

The court will not reiterate each step of the long and winding road that it has traveled with the parties in this case. That road has included the Plaintiff's motion to compel (doc. 14), which the court granted (doc. 17); the Plaintiff's motion for sanctions (doc. 21), which the court granted in part and denied in part (doc. 59); the Plaintiff's motion to strike (doc. 57) certain affirmative defenses in the Answer, which the court granted (docs. 59 & 62); the withdrawal of the original attorneys for Defendants (doc. 36 ); and the suspension of case deadlines (doc. 24 pending a ruling by Judge Boohaker in the related state court workers compensation hearing

addressing the key issue of whether Click was an employee or independent contractor of Holland

Delivery.  After Judge Boohaker's ruling that Click was an employee of Holland Delivery (doc.

30-1), this court removed the suspension of case deadlines and required discovery to resume

(doc. 33).

Subsequent to the withdrawal of the original defense attorneys, the individual Defendants

have proceeded *pro se,* and new counsel has appeared on behalf of Holland Delivery.  (Doc. 37).

The only motion presently pending is Click's motion for partial summary judgment

addressing his FLSA claims in Counts One and Two.  The Defendants filed no response to that

motion, and indeed, neither the individual Defendants nor Holland Delivery's counsel appeared

at the last status conference in this case.  Following the Defendants' failure to respond to his

motion for partial summary judgment, Click filed a reply (doc. 64), attaching the notice from the

U.S. Bankruptcy Court that he received as creditor of Defendants Phillip and Heather Brewer,

reflecting that those two Defendants had filed a Chapter 13 Bankruptcy Plan (doc. 64-1).

The court subsequently entered an order staying further proceedings in this case as to

Defendants Phillip and Heather Brewer, but stating that the case would proceed as to all other

Defendants (doc. 65).

## II.  FACTS

Because Defendants have filed no response to Click's statement of undisputed facts, the

court considers those facts as undisputed for the purposes of this motion.  *See* Fed. R. Civ. P

56(c&e); Doc. 9, at 9 IV.A.; Doc. 11, at 4-5.  This court's orders refer parties to Appendix II of

the court's website, which sets out the requirements for summary judgment briefs and  provides:

"*All material facts set forth in the statement required of the moving party will be deemed to be*

3

*admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment."* (Emphasis in original). Click's undisputed facts provide the following information.

Click worked as a truck driver for Defendant Holland Delivery Solution, LLC, registered and doing business in the State of Alabama, and engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s). Defendant Melony Holland is one of the original members of the LLC and is currently the managing member. Other members are Defendants Heather Brewer and Morgan Eddy.

Click's usual work week for Holland Delivery began on Monday evening and ended on Saturday morning. Each work "day" began at approximately 6:30 p.m. and ended at 7 or 8 a.m. the next morning, a shift of approximately 13 hours per night, for a total of 65 hours per week. Approximately three to four times per week, Melony Holland or Phillip Brewer called Click to return to work for additional deliveries, and those extra deliveries lasted a total of 15 to 20 extra hours per week for a total of 80 to 85 hours per week. Holland Delivery acknowledges that it does not have records establishing Click's exact work hours.

On April 21, 2011, Click filed a claim against Holland Delivery Solution, LLC for workers compensation benefits in Jefferson County Circuit Court. The record is not clear about the identity of the other defendants, if any, in the state court suit. Neither Click's complaint in the instant case nor his undisputed facts in his brief specifically state the nature or the date of the injury made the basis of the workers compensation suit. Holland Delivery filed an answer in that workers compensation case denying liability on the basis that it "affirmatively avers that the Plaintiff is not the employee of the Defendant, and that the Plaintiff at all times was acting as and

4

[sic] independent contractor as a truck driver." (Doc. 56-2, at 2).

Melony Holland and Phillip Brewer testified at the trial in the workers compensation case on behalf of Holland Delivery.  According to Judge Boohaker's opinion, Brewer testified that "Plaintiff was an independent contract driver working for Mr. Brewer at the time of the incident made the basis of this action."  (Doc. 56-3, at 7).  He further testified as follows: Phillip Brewer paid Click 100% of the compensation for the Northport and Pelham deliveries that Brewer assigned to Click; Click "used a leased Penske truck for his deliveries and that the lease payments and fuel are deducted from this pay check for the routes;" after Click's accident, Phillip Brewer retrieved from him insurance claim forms, keys to Holland Delivery's warehouse, and the credit card used to purchase fuel; and Phillip Brewer denied giving Click work directions except where he should make delivery and fuel stops, but also testified that he assigned routes to Click.

Melony Holland testified that Click was a driver for Holland Delivery; that on "most nights" she was present at the Holland Delivery warehouse "to hand out the delivery assignments" to Click and other outbound drivers; that she instructed Click about the method of recording damage to delivery shipments; and that drivers could perform the delivery services "as they like. . . as long as the shipments reach the customer by 7:30 or 8 a.m. the following morning." (Doc. 56-3, at 4-6)

On February 16, 2012, Judge Boohaker entered an order in the workers compensation case, finding "[t]hat Plaintiff was, at the time of the incident made the basis of this claim, an employee of Defendant Holland Delivery Solutions, LLC, as that term is defined at *Ala. Code* § 25-5-1(5) (1975)."  (Doc. 56-3, at 28).  Judge Boohaker made this determination despite Phillip Brewer's testimony that "Plaintiff was an independent contractor driver working for Mr. Brewer

at the time of the incident made the basis of this action." (Doc. 56-3, at 7).  As support for the

determination that Holland Delivery was Click's employer, Judge Boohaker also found that

> the evidence is without dispute that Plaintiff did not operate his delivery vehicle
> for his own purposes or without the permission of [Holland Delivery] and/or
> Phillip Brewer...There is no dispute in the evidence that Plaintiff was supplied
> with a delivery truck, pallet jacks and a dedicated credit card for the purchase of
> fuel for his delivery truck. . .Defendant Holland and/or Phillip Brewer controlled
> the payments and the manner of payment made to Plaintiff.  In fact, there was not
> even an itemization provided so that Plaintiff could question his compensation.

 (Doc. 56-3, at 23).

After this ruling, Defendants, including Holland Delivery, continued to assert as defenses

in the instant case that Click was not an employee of Holland Delivery and that the requirements

of the FLSA regarding the payment of minimum wages and overtime premium wages did not

apply to him.

As grounds for establishing FLSA liability against Defendant Melony Holland, Click's

undisputed facts establish that she is one of the original members of the LLC, and Ms. Holland's

Supplemental Answers to Interrogatories elaborate, acknowledging that she is the managing

member who owns a majority interest.  (Holland's Supp. Ans. to Interrogs., Doc. 49, at 8).  As

noted previously and also in Click's undisputed facts, Ms. Holland testified in the workers

compensation case that she instructed Click about the method of recording damage to shipments

and that she was present at the warehouse most nights to hand out delivery assignments to Click

and other drivers.

As grounds for asserting claims against Defendant Morgan Eddy for violation of the

FLSA, the undisputed facts establish that she is a minority member of the LLC who performs

office duties for Holland Delivery.  The fact section of Click's brief does not elaborate on the

nature or extent of those duties.

The following facts were not listed in the fact section of Click's brief but were presented in Click's evidentiary material:

According to Click's wage statement attached to his declaration, he worked for Holland Delivery from April 7, 2008 through February 25, 2011. The checks attached to his declaration actually begin earlier in 2008, but do not reflect weekly payments until April 2008. In Click's declaration, he stated the amount of unpaid minimum wages and overtime premium wages that he is claiming, and attached documents to support that claim. He attached a listing of the checks he received, the work dates for which those checks represent payment, copies of the actual checks, and then a calculation of unpaid minimum and overtime premium wages due.

Click calculated that he averaged 45 overtime hours per week. His "educated guestimate" is that he worked 13 hours per day five days per week (40 hours minimum wage plus 25 hours of overtime). In addition to his usual 13-hour work days, he adds three to four trips per week of approximately 15 to 20 hours each week. Because he states that "[i]t is more likely than not that I would perform four trips per week instead of three," he accepts as accurate the 20 hours of extra trips per week and adds that number of hours to the 25 overtime hours (based on 13-hour work days) to reach 45 total overtime hours. Based on those calculations, for the three-year period prior to suit, he is claiming $2,355.60 in unpaid minimum wage damages and $23,686.83 in unpaid overtime premium wages, sub-totaling $26,042.43. Further, he is claiming an amount equal to that sum in liquidated damages. The total claimed for unpaid minimum wages and overtime premium wages plus the liquidated damages is $52,084.86

In his declaration, Click states that he never received any document from Defendants

reflecting an hourly rate or the hours worked per week, or attributing his compensation to the first forty hours worked per week and/or the hours worked in excess of forty hours per work week. When he would ask Ms. Holland for an explanation about how his earnings were calculated, she would refer him to Ms. Brewer, who would become irritable when he asked such questions and would not provide an explanation. Holland Delivery acknowledges that it "maintains no hourly records" and "does not have records of the exact number of hours Plaintiff worked per week." (Docs. 55, at 7; 56-5, at 5). Further, in virtually identical supplemental interrogatory answers, the individual Defendants all stated that "it is impossible [for Defendants] to determine when the Plaintiff commenced work." (Docs. 40 [P. Brewer], 43 [H. Brewer], 49 [M. Holland], 52 [Eddy]).

Defendants have filed no evidence rebutting Click's calculation of hours worked and the overtime hours worked. Further, Defendants have filed no evidence establishing their good faith belief that they were complying with the FLSA, and the court struck the affirmative defenses in their Answer raising a good faith affirmative defense. Finally, Defendants have provided no evidence that an FLSA exception applied to Click's employment.

### III.  STANDARD OF REVIEW

The mere fact that the Defendants did not file a response to Plaintiff's motion for summary judgment does not mean that the court should automatically grant the motion. The Eleventh Circuit has held, "Where 'the adverse party does not respond, summary judgment, ***if appropriate***, shall be entered against the adverse party.' Thus, summary judgment, even when unopposed, can only be entered when 'appropriate.'" *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004)(quoting Fed. R. Civ. P. 56(e))(emphasis in

8

original).  Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record

shows "that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of

showing no genuine issue of material fact *and* that he is entitled to judgment as a matter of law.

*See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 157 (1970).

   In deciding a motion for summary judgment, the court's function is not to "weigh the

evidence and determine the truth of the matter but to determine whether there is a genuine issue

for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Credibility

determinations, the weighing of evidence, and the drawing of inferences from the facts are left to

the jury, and, therefore, evidence favoring the non-moving party is to be believed and all

justifiable inferences are to be drawn in his favor.  *See id.* at 255.  Nevertheless, the non-moving

party "need not be given the benefit of every inference but only of every reasonable inference."

*Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999)(citing *Brown v. City*

*of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988)).

## IV.  DISCUSSION

   Click's motion addresses the two counts brought pursuant to the FLSA for unpaid

minimum wages (Count One) and unpaid overtime premium wages (Count Two).  Under the

FLSA, employees are "guarantee[d] either regular or overtime compensation for all actual work

or employment."  *Dade County, Fla. v. Alvarez*, 124 F.3d 1380, 1384 (11th Cir. 1997).

Therefore, to establish a prima facie case of FLSA violation, a plaintiff must show that the

defendant was his employer and must show "as a matter of just and reasonable inference" the

9

amount and extent of his work to demonstrate that he was inadequately compensated under the FLSA. *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513 (11th Cir. 1993).

Count Two asserts an overtime premium violation, and the FLSA also requires employers to pay overtime to employees for employment in excess of 40 hours per week.  29 U.S.C. § 207(a)(1).  To prevail on a prima facie case regarding the violation of the FLSA's provisions regarding overtime premium wages, Click must show that (1) the Defendant employed him; (2) Defendant is an enterprise engaged in interstate commerce covered by the FLSA; (3) he actually worked in excess of a 40-hour workweek; and (4) Defendant did not pay any overtime wages to him. *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 (11th Cir. 2008).  Although some cases emphasize that the defendant employer must have knowledge of the overtime work, "[t]he regulations caution that '[w]ork not requested but suffered or permitted is work time .... [I]f the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted."  *Reich v. Dep't of Conservation & Natural Res., State of Ala.,* 28 F.3d 1076, 1082 (11th Cir. 1994) (quoting 29 C.F.R. § 785.11).  "[A]n employer's knowledge is measured in accordance with his 'duty ... to inquire into the conditions prevailing in his business.'" *Id.* (quoting *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512 (5th Cir. 1969).

In the instant case, Defendants acknowledge that they have no records of the actual hours that Click worked, so they have no evidence to dispute his testimony about the hours worked or his calculations of minimum and overtime wages due based on those hours.  They argue only that Click was an independent contractor, not an employee of any of Defendants.  Thus, they argue that because none of them was Click's employer, the FLSA does not apply to the payments to Click for his work.  The court will first address this key issue.

10

A  *Whether Defendants Qualify as the Employer within the Meaning of the FLSA*

Although Defendants continue to assert that none of them was Click's employer, Click

argues that they are collaterally estopped from making this argument.  Click bases this argument

upon Judge Boohaker's determination in the case of *Click v. Holland Delivery Solutions, LLC,*

et. al., CV-20110901.390 in the Circuit Court of Jefferson County, Alabama.  The Eleventh

Circuit has explained Click's burden of establishing collateral estoppel:

> The party seeking to invoke collateral estoppel bears the burden to prove
> all necessary elements: "(1) the issue at stake must be identical to the one
> involved in the prior litigation; (2) the issue must have been actually
> litigated in the prior suit; (3) the determination of the issue in the prior
> litigation must have been a critical and necessary part of the judgment in
> that action; and (4) the party against whom the earlier decision is asserted
> must have had a full and fair opportunity to litigate the issue in the earlier
> proceeding."

*RF Delaware, Inc. v. Pacific Keystone Tech.,* 326 F.3d 1255, 1261 (11th Cir. 2003) (quoting *In*

*re McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989) (citation omitted)).  The court will address

this issue as to each Defendant separately.

*1. Holland Delivery*

Click's undisputed fact section, to which Holland Delivery did not respond, lists as a fact

Judge Boohaker's specific finding that Holland Delivery was Click's employer, or put another

way, that Click was an employee and not an independent contractor.  In the state workers

compensation action, which Click filed against Holland Delivery, Click's status as employee

versus independent contractor was squarely at issue.  Holland Delivery asserted the same defense

in that case as it does in the instant one:  that it was not liable for workers compensation benefits

because Click was an independent contractor, not an employee.  Melony Holland and Phillip

11

Brewer presented testimony on behalf of Holland Delivery in support of its argument on this issue, but of course, Judge Boohaker specifically addressed and rejected that argument.

Therefore, this court finds that the issue of Holland Delivery's status as employer was identical in both actions; that it was actually litigated in the workers compensation case; that the determination of this issue was a critical part of the judgment in the workers compensation case; and that Holland Delivery had a full and fair opportunity to litigate the issue.  Because Click has met the elements of collateral estoppel as to Holland Delivery, the court finds that Holland Delivery is collaterally estopped from arguing that it was not Click's employer; Holland Delivery is bound by Judge Boohaker's determination on that issue.  Accordingly, the court finds that Holland Delivery was Click's employer during the relevant period.  Because Holland Delivery has failed to establish that it is otherwise exempt from the provisions of the FLSA or that Click is otherwise exempt from the provisions of the FLSA, Holland Delivery's wage payments to Click from the period of April 7, 2008 through February 25, 2011 fall within the provisions of the FLSA.

Because Click also asserts claims against individuals under the FLSA, the court must address whether those individuals fall under the FLSA's definition of "employer" as well.

### 2.  Melony Holland

For an individual to be held personally liable for violating the FLSA, she must fall within the definition of "employer" as the Act defines that term.  29 U.S.C. § 207(a)(1); *Alvarez Perez*, 515 F.3d 15 1160.  Section 203 of the Act defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d). "Whether [that individual defendant] is an employer [] does not depend on technical or 'isolated

12

factors but rather on the circumstances of the whole activity.'" *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973) (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).  The Eleventh Circuit has recognized that "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (internal quotation marks and citation omitted).  Further, the Court of Appeals has explained that "to qualify as an employer for this purpose, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'" *Id.* at 638.

Consistent with these principles and findings, in *Patel*, the Eleventh Circuit found that the defendant was not an employer for FLSA purposes based on evidence that he held two corporate offices, that he was a director and a principal stockholder but that he did not have "operational control of significant aspects of [the company's] day-to-day functions, including compensation of employees or other matters in relation to an employee."  *Id.*

Similarly, in *Alvarez Perez,* the Court found that the individual defendant did not qualify as an employer pursuant to FLSA where the evidence indicated that, although he held the position of president and remained the designated managing agent under the relevant agreement, he was no longer actively involved in the day-to-day operations of the company.  Rather, the evidence indicated that he had not visited the facility more than once a year in the last several years, and had not been involved in personnel matters such as hiring and firing of employees and determining their compensation.  *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (11th Cir. 2008).

13

Applying these principles and rulings to the instant case, the court finds the evidence presented is sufficient to establish that Melony Holland falls within the definition of employer. Not only did Ms. Holland hold the position of managing member and own a majority interest of the LLC, but she played an active role in the daily – or, more accurately, the nightly – operations of the company. The evidence reflects that she was at the warehouse on a nightly basis and had very regular contact with the drivers including Click, as she communicated delivery assignments to them each night and called them in for additional assignments each week. The evidence reflects that the Brewers signed the paychecks to Click, but Click had enough contact with Ms. Holland that he complained directly to her about his failure to receive information reflecting the hourly rate and the number of hours upon which those payments were based.  In short, Click has provided sufficient evidence to establish that Melony Holland either had operational control of significant aspects of Holland Delivery's day-to-day operations or was directly responsible for the supervision of Click during his employment, and thus, falls within the broad definition of employer as the FLSA defines that term.

### 3.  Morgan Eddy

Click also claims that Morgan Eddy falls within the definition of "employer" pursuant to the FLSA and is liable for violating the FLSA.  The evidence reflects only that Ms. Eddy is a member of the LLC and "perform[s] office duties for the LLC." (Undisputed facts, doc. 55, at 6 ¶ 20).  However, the evidence does not reflect the nature of the office duties and does not specify whether those duties were daily or merely occasional; whether the duties involved Click's compensation; or whether Eddy had any "direct responsibility" for Click's supervision. Therefore, the court finds that Click has not established that Eddy falls within the definition of

14

"employer."  Because that finding precludes Eddy's liability *at the summary judgment stage* for claims brought pursuant to the FLSA, the court will DENY Click's motion for partial summary judgment as to claims against Eddy.

### 4.  The Brewers

As noted previously, because the court has stayed all proceedings as to Phillip and Heather Brewer in light of the Chapter 13 bankruptcy filing, the court will not address claims against those Defendants.

### B.  Whether the Plaintiff Met His Prima Facie Case of FLSA Violations

Neither Holland Delivery nor Melony Holland disputes the other elements of a *prima facie* case for unpaid minimum wages or unpaid overtime premium wages.  Click, on the other hand, has provided evidence that Defendants owe him unpaid minimum wages of $2,355.60 and unpaid overtime premium wages of $23,686.83.  Holland Delivery and Ms. Holland provide no evidence to dispute those calculations, and indeed, acknowledge that they have no records establishing the hours Click worked and that disputing them is an impossibility.  When, as here, the employer fails to perform its duty of keeping adequate records, the Supreme Court of the United States has explained that the employee satisfies his burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. . . . .If the employer fails to [then counter with evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference], the court may then award damages to the employee, even though the result be only approximate."  *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946), *superceded by statute on other grounds as stated in Carter v.*

15

*Panama Canal Co.,* 463 F.2d 1289, 1293 (D. C. Cir.), *cert. denied,* 409 U.S. 1012 (1972).  The court finds that Holland Delivery and Ms. Holland failed to perform their duty of keeping adequate records and that Click has satisfied his burden.

Therefore, the court finds that Holland Delivery and Ms. Holland violated the FLSA by failing to pay Click minimum wages and overtime premium wages that were due and owing him in violation of the FLSA.  Thus, Click's motion for partial summary judgment is due to be GRANTED as to the claims against Holland Delivery and Ms. Holland.  The amount of damages to which Click is entitled depends upon whether the statute of limitations is a two-year period or is a three-year period as further explained below.

### C.  Whether the Two-Year or Three-Year Statute Applies

Generally, the statute of limitations for FLSA claims seeking unpaid wages is a two-year period.  However, if the claim is one "arising out of a willful violation," the limitations period is extended from two to three years.  29 U.S.C. § 255(a).  The Eleventh Circuit has explained that "[t]o establish that the violation of the Act was willful [and] extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Alvarez Perez*, 515 F.3d at 1162-63.

The court notes that it struck Defendants' affirmative defenses raising its good faith belief that its payments to Click did not violate the FLSA; that ruling occurred as a sanction for Defendants' failure to respond fully to Click's discovery requests addressed to those affirmative defenses, requesting Defendants' evidentiary support for those affirmative defenses.  However, the burden here is on Click to prove wilfulness, not upon the Defendants to prove the lack of it,

16

and, as Click notes in his brief, the absence of evidence that Defendant acted in good faith is not a showing of wilfulness. *See id.*

  In support of its argument that Defendants willfully violated the FLSA, Click points not only to Defendants' failure to respond to discovery requests regarding evidence to support their good faith but also to Judge Boohaker's findings and the following evidence: Phillip Brewer's testimony that he paid Click 100% of the compensation for the Northport and Pelham deliveries; Phillip Brewer's testimony that he deducted from Click's pay the lease payment on the truck he drove and fuel expenses for that truck; Phillip Brewer's testimony that, after Simon's accident, he retrieved insurance claim forms, the credit card Click used for fuel purchases, and the keys to Holland Delivery; Phillip Brewer's testimony that Click was an independent contractor; Melony Holland's testimony that she instructed Click about the method of recording shipment damage; and Melony Holland's testimony that she is at Holland Delivery's warehouse most nights to print out delivery emails and orders from clients and that drivers can do as they like in performing delivery services as long as the shipments reach the customer by a specified time the next morning.

  Click claims that, based on this evidence, any reasonable jury must find that Defendants' designation of Click as an "independent contractor" was based on a willful intention to avoid paying Click compensation in compliance with the FLSA and to avoid other responsibilities as employer.  This court agrees.  The evidence indeed reflects that Click was an independent contractor in name only to avoid the obligations of the employer to its employee.  Therefore, the court applies the three-year statute.

  Based on Click's affidavit (doc. 56-7) and the exhibits it referenced (docs. 56-7 & 56-15),

17

the court will award damages of $2,355.60 in unpaid minimum wages and damages of $23,686.83 in unpaid overtime premium for a total of $26,042.43 during that three-year period from March 17, 2008 through March 17, 2011.

    *D. Whether Plaintiff is Entitled to Liquidated Damages*

    After a determination that the employer has violated the FLSA and the assessment of compensatory damages, "the district court generally must add an award of liquidated damages in an equal amount." *Morgan,* 551 F.3d at 1282 (citing 29 U.S.C. § 216(b)). The court has discretion to refuse to award liquidated damages, or to award a reduced amount, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended. . . ." 29 U.S.C. § 260. The statute makes clear that the burden to establish good faith is borne by the employer, and the Eleventh Circuit states that "[t]he employer bears the burden of establishing both the subjective and objective components of that good faith defense. . . ." *Alvarez Perez,* 515 F.3d at 1162-63.

    The Eleventh Circuit has concluded that "in an FLSA case a jury's finding in deciding the limitations period question that the employer acted willfully in violating the FLSA precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question." *Id.* at 1164. Having determined that any reasonable jury must find that the Defendant acted willfully, the court will award liquidated damages against Holland Delivery and Melony Holland in an amount equal to the compensatory damage award of $26,042.43.

<u>**CONCLUSION**</u>

    In conclusion, the court finds as follows:

18

- the Plaintiff's motion for partial summary judgment is due to be DENIED as to Defendant Morgan Eddy;

- the court DOES NOT REACH the Plaintiff's motion for partial summary judgment as to Defendants Phillip and Heather Brewer Defendants, because of their bankruptcy filings and the stay that the court previously entered as to proceedings against them (doc. 65);

- the Plaintiff's motion for partial summary judgment is due to be GRANTED as to Defendants Holland Delivery and Melony Holland.  It will award damages against those two Defendants, jointly and severally, for the following damages:  as to the claims in Count One for compensatory damages, the court will award unpaid minimum wages in the amount of $2,355.60; as to claims for compensatory damages in Count Two, the court will award unpaid overtime premium wages in the amount of $23,686.83; as to the claims for liquidated damages, the court will order liquidated damages in the same amount as the compensatory damages for a total liquidated damage award of $26,042.43  As to the claims in both counts, the compensatory and liquidated damages to be awarded against those two Defendants total $52,084.86.

This matter will proceed to trial as to all claims against Morgan Eddy, and further, as to the claims for racially hostile work environment asserted against Defendants Holland Delivery, Melony Holland, and Dale Stephens.

Dated this 31st day of October, 2012.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE